**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS  HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS  SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS  JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | No.  16 CV 798 <br> Judge |
| v. <br> DENCO INTERIORS, LLC, an Illinois limited liability  company. <br> Defendant. | ) ) ) ) ) ) ) | Magistrate Judge |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEEES  OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF  THE CHICAGO PAINTERS AND  DECORATORS DEFERRED SAVINGS  TRUST FUND; TRUSTEES OF  THE CHICAGO  PAINTERS AND DECORATORS JOINT APPRENTICESHIP FUND; TRUSTEES OF  THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS  AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Grant R.Piechocisnki, and ARNOLD

AND KADJAN, complain against Defendant DENCO INTERIORS, LLC, an Illinois limited liability company, as follows:

## COUNT I

### Jurisdiction and Venue

1.    a.    Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

b.    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 19 U.S.C. Section 185, and 28 U.S.C. Section 1331, and federal common law.

2.    The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.    The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; , TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (the

"Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.   .    Defendant DENCO INTERIORS, LLC, an Illinois limited liability company, ("DENCO") is an employer engaged in an industry affecting commerce.

<b>The Agreements</b>

7.      DENCO entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about **March 21, 2014** whereby DENCO agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. In the Labor Agreement, DENCO also agreed to be bound to the Plaintiffs' Funds' Declarations of Trust. A copy of the Labor Agreement is attached as "Exhibit A."

8.      Pursuant to the provisions of the Labor Agreement and Trust Agreements, DENCO is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, DENCO is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

9.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, DENCO is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not DENCO is in compliance with its obligation to contribute to the Funds.

10.      Denco has failed to make contributions to the Plaintiffs for certain work months during the audit period beginning August 1, 2015.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.      That DENCO be ordered to produce books and records for a fringe benefit Fund contribution compliance job audit for the period from August 1, 2015 through the present: and

B.      Judgment be entered against DENCO and in favor of Plaintiffs, in the amount shown to be due based by the audit;

C.      That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, and any prior accumulated liquidated damages, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

B.      Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND, et al.,**


By: _/s/ James R. Anderson_____
           One of their Attorneys


DONALD D. SCHWARTZ
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415